**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4104
*Attorneys for Defendant*
*Laboratory Corporation of America Holdings*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUERLAIN CASTRO, <br><br> Plaintiff, <br><br> vs. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, <br><br> Defendant. | Civil Action No. <br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendant, Laboratory Corporation of America Holdings ("Labcorp"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, petition this Court for removal of this action, currently pending in the Superior Court of New Jersey, Law Division, Passaic County, Case No. PAS-L-003156-24 (the "State Court Action"). In support, Labcorp state as follows:

### I.    NATURE OF ACTION

1. On or about October 18, 2024, Plaintiff, Guerlain Castro ("Plaintiff"), filed a Complaint (the "Complaint") in the State Court Action, pleading five causes of action against Labcorp: (i) Pregnancy/Disability Discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.;* (ii) Failure to Accommodate Disability/Interactive Process in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*; (iii) Retaliation in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*;

(iv) Interference with Rights in Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*; and (v) Retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

## II. NOTICE OF REMOVAL IS TIMELY

2. Upon information and belief, to date, Labcorp has not been served with a copy of the Complaint. *See* Ex. A.

3. As Labcorp has not yet been served, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b). [1]

## III. THIS COURT HAS FEDERAL QUESTION JURISDICTION

4. Pursuant to 28 U.S.C. § 1441(a), cases that are subject to removal include "any civil action brought in a state court of which the District Courts of the United States have original jurisdiction."

5. The District Court has federal question jurisdiction under 28 U.S.C. § 1331 over the State Court Action because Plaintiff's Family and Medical Leave Act ("FMLA") causes of action arise under the Constitution, treaties, or laws of the United States.

## IV. THIS COURT HAS DIVERSITY JURISDICTION

6. In addition, the District Court has diversity jurisdiction under 28 U.S.C. §1332(a) because: (i) there is complete diversity between the named plaintiff and Labcorp; and (ii) with over $75,000 in controversy.

---

[1] This Notice of Removal has been filed within 30 days following Plaintiff's filing of the Complaint in the State Court Action. Therefore, even if Plaintiff were to claim that she served Labcorp on the date that the Complaint was filed (October 18, 2024), which, to Labcorp's knowledge, has not occurred, this Notice of Removal would, nevertheless, be timely. *See* 28 U.S.C. § 1446(b).

A.     **Complete Diversity of Citizenship.**

7.     Plaintiff admits in her Complaint that she resides in Paterson, New Jersey. *See* Ex. A, Compl. ¶ 1. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). "[T]he domicile of an individual is his [or her] true, fixed and permanent home and place of habitation. It is the place to which, whenever [s]he is absent, [s]he has the intention of returning." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (quoting *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)). Therefore, Plaintiff expressly alleges that she is a citizen of the State of New Jersey.

8.     "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See* 28 U.S.C. § 1332(c). Labcorp is a corporation organized under the laws of the State of Delaware. Labcorp was, and still is, a duly formed Delaware corporation in good standing at the time the State Court Action was filed and at the time of the filing of this Notice. Thus, Labcorp is a citizen of the State of Delaware based on its place of incorporation. *See* Exhibit B.

9.     Additionally, Labcorp's principal place of business is Burlington, North Carolina. The "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). At the time the State Court Action was filed and at the time of the filing of this Notice, Labcorp's corporate headquarters and principal place of business was, and still is, Burlington, North Carolina. *See* ¶ 5, Exhibit C. Thus, Labcorp is also a citizen of the State of North Carolina for diversity purposes.

10.     Therefore, complete diversity exists in this matter.

**B.     Amount in Controversy.**

11.     While Labcorp (i) asserts that Plaintiff has failed to state a legally tenable claim against Labcorp and (ii) deny (a) any purported wrongdoing and (b) that Plaintiff is entitled to any relief, for purposes of jurisdiction only, in determining the amount in controversy, the Court must assume the allegations in the Complaint are true and that a jury will return a verdict for the Plaintiff on all claims in the Complaint. Although the Complaint does not set forth the dollar amount prayed for, and Labcorp deny all liability alleged in the Complaint, if Plaintiff's claims were substantiated and completely successful, the aggregate amount in dispute would far exceed $75,000 for the following reasons:

    a.     In her Complaint, among other things, Plaintiff seeks damages under the N.J.S.A. for "back pay, front pay, pain and suffering, physical manifestations of emotional distress, and emotional distress." *See* Ex. A., Compl. Plaintiff's claim for lost past and future wages, employee benefits, and other perquisites alone likely exceed $75,000. Plaintiff's claims for pain and suffering, emotional distress, and humiliation bring the total claim for damages even higher.

    b.     In addition, Plaintiff seeks an award of punitive damages. *See*, Ex. A., Compl. Punitive damages are recoverable under the NJLAD and must also be considered in determining the amount in controversy. *See Pettinato v. Pipitone*, Case No. A-0011-22, at *11 (App. Div. July 13, 2023) ("We begin by recognizing that [… the] [NJ]LAD provide[s] for recovery of punitive damages") (citing N.J.S.A. 34:19-5; N.J.S.A. 10:5-13); *Frederico v. Home Depot.*, 507 F.3d 188, 199 (3d Cir. 2007); *Golden v. Golden*, 382 F.3d 348, 255 (3d Cir. 2004); *Respa v. Home Depot.*, 533 F.Supp.3d 514, 522 (D.N.J. 2007) (noting "a

4

request for punitive damages will generally satisfy the amount in controversy requirement") (citation and internal quotation marks omitted).

c. Plaintiff also seeks an award of attorneys' fees and costs. *See* Ex. A., Compl. Attorneys' fees and costs are also recoverable under the NJLAD and must also be considered in determining the amount in controversy. *See Frederico*, 507 F.3d at 199; *Baldwin v. City of Atl. City*, No. A-2858-12T2, at *26 (App. Div. Aug. 19, 2015) (citing N.J.S.A. 34:19-5)

12. Thus, this is a civil action between citizens of different states, where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, of which the United States District Courts have original jurisdiction, pursuant to 28 U.S.CI. § 1332(a).

## V. REMOVAL TO THIS DISTRICT IS PROPER

13. Venue is proper in this Court because this Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, it is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## VI. REMOVAL REQUIREMENTS

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served to date upon Labcorp in this matter are attached to the Barbatsuly Declaration as Exhibit 1.

15. Pursuant to 28 U.S.C. § 1446(d), Labcorp shall give written notice of the removal of this action to all parties and shall file a copy of this notice with the Superior Court of New Jersey, Law Division, Passaic County.

## VII. RESERVATION OF RIGHTS

16. Labcorp reserve any and all rights to assert any defenses to Plaintiff's Complaint, including the right to file dispositive motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

17. Labcorp reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Labcorp respectfully request that this case be properly removed, that the Court accept jurisdiction over the action, and that this action be entered into the docket of this Court for further proceedings as if the action had originally been instituted in this Court.

Respectfully Submitted,

/s/ George P. Barbatsuly
George P. Barbatsuly
K&L Gates LLP
One Newark Center - 10th Floor
Newark, NJ 07102
Tel: (973) 848-4104
Fax: (973) 848-4001
Email: george.barbatsuly@klgates.com

*Counsel for Defendant Laboratory Corporation of America Holdings*

Dated: November 14, 2024