# EXHIBIT 1

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Defendant*
*Laboratory Corporation of America Holdings*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUERLAIN CASTRO, | Civil Action No. |
| Plaintiff, | |
| vs. | **DECLARATION OF** |
| | **GEORGE P. BARBATSULY** |
| LABORATORY CORPORATION OF | **IN SUPPORT OF** |
| AMERICA HOLDINGS, | **NOTICE OF REMOVAL** |
| Defendant. | |

I, George P. Barbatsuly, declare as follows under the penalty of perjury:

1. I am over the age of eighteen and competent to testify to the matters set forth herein.

2. This law firm represents Defendant, Laboratory Corporation of America Holdings ("Labcorp") in the above-captioned action.

3. Attached as Exhibit A are true and complete copies of all process, pleadings, and orders filed in this action, currently pending in the Superior Court of New Jersey, Law Division, Passaic County, Case No. PAS-L-003156-24.

4. Attached as Exhibit B is a true and correct copy of the State of Delaware's Corporation Database listing for Labcorp.

5. Attached as Exhibit C is a true and correct copy of the North Carolina Secretary of State listing for Labcorp.

I declare under penalty of perjury under the laws of the United States and the State of New Jersey that the foregoing is true and correct.

EXECUTED at Newark, New Jersey, this 14th day of November, 2024.

                                                     */s/ George P. Barbatsuly*  
                                                     GEORGE P. BARBATSULY

# EXHIBIT A

Michael K. Fortunato (#037542010)
**BRANDON J. BRODERICK LLC**
65 State Route 4, East
River Edge, NJ 07661
(201) 853-1505
*Attorneys for Plaintiff, Guerlain Castro*

| | |
|---|---|
| GUERLAIN CASTRO<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY PASSAIC COUNTY<br><br>LAW DIVISION<br><br>DOCKET NO.<br><br>*Civil Action*<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Guerlain Castro ("Plaintiff"), through the undersigned counsel, Brandon J. Broderick, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendant Laboratory Corporation of America Holdings, ("Defendant") and alleges as follows:

### FACTS

**A.   Jurisdiction and Venue**

1.   Plaintiff resides in Paterson, New Jersey.

2.   Defendant Laboratory Corporation of America Holdings is a foreign profit corporation with a principal place of business at 531 South Spring Street, Burlington, North Carolina 27215, which employed Plaintiff in New Jersey.

**B.   Plaintiff's Employment, Disability Discrimination, and Wrongful Termination.**

3.   Plaintiff was employed by Defendant as a lab technician starting on February 29,

2016.

4. Plaintiff transferred to Defendant's Secaucus, New Jersey location in 2023.

5. In early 2024, Plaintiff was diagnosed as high-risk during pregnancy, which required her to take intermittent FMLA leave for prenatal care and high-risk pregnancy appointments.

6. Throughout her employment, Plaintiff's pregnancy and FMLA leave caused tension with her supervisors and colleagues.

7. Plaintiff communicated her medical needs and absences to the team lead, Sheila Martinez, as well as her supervisor Anna Negron.

8. Martinez made frequent inappropriate comments regarding Plaintiff's pregnancy. For example, Martinez would as Plaintiff, "Why are you walking like that?" and comment about her pregnancy: "You're not that big,"

9. Martinez also repeatedly questioned Plaintiff's need for leave.

10. On several occasions, Plaintiff left work early with the approval of doctors at the office, when there were no patients left for the day.

11. Despite the doctor's approval, Plaintiff was frequently reprimanded for leaving early by Martinez.

12. In May 2024, while Plaintiff was pregnant, she had an altercation with a patient who became verbally aggressive and physically disruptive during a blood draw.

13. Following the altercation, Plaintiff reported the incident to Defendant.

14. Plaintiff was reassigned to another site temporarily and was told the investigation would take up to 30 days.

15. Plaintiff was never asked to provide a statement regarding the altercation, nor was

she provided with the results of the "investigation."

16. Plaintiff began her leave of absence on May 29, 2024 due to complications with her pregnancy.

17. In late June 2024, Plaintiff went into labor and was hospitalized due to related complications.

18. Plaintiff informed Defendant of her medical situation and that she would need additional time off for recovery.

19. Plaintiff received a voicemail from Negron criticizing her for being "unresponsive" while in the hospital, stating it was "unprofessional" that she wasn't answering calls or texts.

20. Plaintiff's health deteriorated further, and she required extended medical leave after her son's birth due to post-delivery complications and surgery.

21. Plaintiff's maternity leave was initially set to expire in July 2024, but her doctors recommended an extension through September 2024.

22. Defendant refused Plaintiff's requested accommodation and required Plaintiff to return to work by July 30, 2024.

23. Even though additional leave was recommended by Plaintiff's doctor, Plaintiff returned to work as requested on July 30, 2024.

24. Upon her return on July 30, 2024, Plaintiff was unable to access the company's computer system.

25. Negron arrived at the site 15 minutes after Plaintiff and told Plaintiff that she was terminated due to the "investigation" into the patient altercation.

26. While terminating her, Negron made remarks about Plaintiff's appearance, stating, "It looks like you didn't have a baby and have no complications."

27. The reasons given for Plaintiff's termination were pretext for unlawful retaliation related to her pregnancy, health condition, requests for accommodation and request for FMLA leave.

## COUNT I

### LAD Pregnancy/Disability Discrimination

28. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

29. Plaintiff is or was disabled and/or pregnant.

30. Plaintiff had been satisfactorily performing her essential job functions or could have done so with reasonable accommodation.

31. Defendant terminated Plaintiff because of her pregnancy and related disability.

32. Defendant's termination of Plaintiff's employment constitutes an adverse employment action.

33. Defendant's actions constitute discrimination on the basis of Plaintiff's disability that violates the LAD, N.J.S.A. 10:5-1, *et seq.*

34. Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

35. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestation of emotional distress, and emotional distress.

## COUNT II

### LAD Failure to Accommodate Disability / Interactive Process

36. Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs.

37. Plaintiff is or was disabled.

38. Plaintiff had been satisfactorily performing her essential job functions or could

have done so with reasonable accommodation.

39. Defendant was aware of Plaintiff's disability and was made aware of Plaintiff's requested accommodation.

40. Defendant did not make a good faith effort to assist Plaintiff in seeking accommodation.

41. Defendant refused to provide Plaintiff with reasonable accommodation and instead terminated her employment.

42. Defendant's actions constitute a failure to accommodate Plaintiff's disability and a failure to engage in the interactive process in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

43. Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

44. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestation of emotional distress, and emotional distress.

## COUNT III

### LAD Retaliation

45. Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs

46. At all times, Plaintiff performed at a level that met Defendant's legitimate expectations.

47. Plaintiff exercised rights under the New Jersey Law Against Discrimination.

48. After exercising those rights, Defendant retaliated against Plaintiff through termination.

49. Defendant's termination of Plaintiff constitutes an adverse employment action.

50. Defendant's conduct was especially egregious and done with the knowledge and participation and or reckless indifference of upper-level management.

51. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: front pay, back pay, emotional distress, embarrassment, humiliation, and other damages.

## COUNT IV

### Interference with Rights in Violation of the FMLA

52. Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs.

53. Defendant employs more than fifty people within seventy-five miles of Plaintiff's work site and, therefore, is covered by the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

54. Plaintiff was eligible for FMLA leave.

55. Plaintiff informed Defendant of the need for leave.

56. Defendant terminated Plaintiff as a result of the request to take FMLA leave.

57. Defendant's termination of Plaintiff's employment have interfered with the rights guaranteed to Plaintiff under the FMLA.

58. Defendant's conduct was willful, reckless, malicious, and/or especially egregious and done with the knowledge and participation and or reckless indifference of upper-level management.

59. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: front pay, back pay, emotional distress, embarrassment, humiliation, and other damages.

## COUNT V

### Retaliation in Violation of the FMLA

60. Plaintiff repeats and reincorporates the facts alleged in the preceding paragraphs.

61. At all times, Plaintiff performed at a level that met Defendants' legitimate expectations.

62. Plaintiff exercised rights under the FMLA.

63. After exercising those rights, Defendant retaliated against Plaintiff through termination.

64. Defendants' termination of Plaintiff constitutes retaliation in violation of the FMLA.

65. Defendants' conduct was especially egregious and done with the knowledge and participation and or reckless indifference of upper-level management.

66. As a result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: front pay, back pay, emotional distress, embarrassment, humiliation, and other damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendants awarding compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury as to all issues in the above matter.

### DESIGNATION OF TRIAL COUNSEL

Michael K. Fortunato is hereby designated as trial counsel pursuant to *R*. 4:25-4.

## CERTIFICATION PURSUANT TO *R*.4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding and that no such action or arbitration proceeding is contemplated. To Plaintiffs' knowledge no other party should be joined in this action.

DATED: October 18, 2024

                                          **BRANDON J. BRODERICK, LLC**

                                          */s/ Michael K. Fortunato*
                                          Michael K. Fortunato, Esq.
                                          Attorney for Plaintiff

# Civil Case Information Statement

**Case Details: PASSAIC | Civil Part Docket# L-003156-24**

**Case Caption:** CASTRO GUERLAIN  VS LABORATORY CORPORATI ON OF AM
**Case Initiation Date:** 10/18/2024
**Attorney Name:** MICHAEL K FORTUNATO
**Firm Name:** BRANDON J. BRODERICK, ESQ. LLC
**Address:** 65 EAST ROUTE 4 1ST FL
RIVER EDGE NJ 07661
**Phone:** 2018531505
**Name of Party:** PLAINTIFF : CASTRO, GUERLAIN
**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: GUERLAIN CASTRO?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/18/2024                                                                                                    /s/ MICHAEL K FORTUNATO
Dated                                                                                                                          Signed

```
PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON            NJ 07505
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 653-2910
COURT HOURS  8:30 AM - 4:30 PM

                              DATE:    OCTOBER 18, 2024
                              RE:      CASTRO GUERLAIN   VS LABORATORY CORPORATI ON OF AM
                              DOCKET:  PAS L -003156 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON WILLIAM E. MARSALA

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (973) 653-2910 EXT 24231.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                                   ATT: MICHAEL K. FORTUNATO
                                   BRANDON J. BRODERICK, ESQ. LLC
                                   65 EAST ROUTE 4 1ST FL
                                   RIVER EDGE        NJ 07661


ECOURTS
```

# EXHIBIT B

**Department of State: Division of Corporations**

Allowable Characters

HOME

### Entity Details

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| | | | |
|---|---|---|---|
| File Number: | 2384108 | Incorporation Date / Formation Date: | 3/8/1994 (mm/dd/yyyy) |
| Entity Name: | LABORATORY CORPORATION OF AMERICA HOLDINGS | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | CORPORATION SERVICE COMPANY | | |
| Address: | 251 LITTLE FALLS DRIVE | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19808 |
| Phone: | 302-636-5401 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.
Would you like ○ Status ○ Status,Tax & History Information

Submit

View Search Results       New Entity Search

For help on a particular field click on the Field Tag to take you to the help area.

site map   |   privacy   |   about this site   |   contact us   |   translate   |   delaware.gov

# EXHIBIT C

• File an Annual Report/Amend an Annual Report • Upload a PDF Filing • Order a Document Online • Add Entity to My Email Notification List • View Filings • Print a Pre-Populated Annual Report form • Print an Amended a Annual Report form

# Business Corporation

## Legal Name
Laboratory Corporation of America Holdings

## Information

**SosId:** 0372743
**Status:** Current-Active ⓘ
**Date Formed:** 7/3/1995
**Citizenship:** Foreign
**State of Incorporation:** DE
**Fiscal Month:** December
**Annual Report Due Date:** April 15th
**Current Annual Report Status:**
**Registered Agent:** Corporation Service Company

## Addresses

**Reg Office**
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

**Reg Mailing**
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

**Mailing**
405 Maple Ave Unit # 411
Burlington, NC 27216

**Principal Office**
531 South Spring Street
BURLINGTON, NC 27215

# Officers

**Treasurer**
Thomas J. Kremer
531 South Spring Street
Burlington NC 27215

**President**
Adam H. Schechter
531 South Spring Street
Burlington NC 27215

**Secretary**
Sandra D. Van Der Vaart
531 South Spring Street
BURLINGTON NC 27215

# Stock